IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST CO.**, as Trustee for Certificate Holders of Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2 : : : : : : | |
| **Plaintiff,** : | |
| : | Case No. 07-CV-810 |
| v. : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **VERNICE DUKES**, *et. al.* : | **Magistrate Judge Terence P. Kemp** |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff Deutsche Bank's Motion for Summary Judgment and Defendant Vernice Dukes's Motion to Stay Proceedings and Appoint a Mediation Special Master. It is axiomatic that summary judgment is proper if "there is no genuine issue as to any material fact [such that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the Court must construe the evidence in the light most favorable to the non-moving party, mere allegations are insufficient to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P.56(e). Rather, the non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

This is a vanilla foreclosure case. Dukes defaulted on her mortgage, which contained an acceleration clause. Because Dukes did not cure the default upon receiving written notice, the full amount of the principal and interest became due immediately. As a result, Dukes owes

-2-

$140,225.32 plus interest. Option One Mortgage Company, the originator of the mortgage and the note, assigned the instruments to Deutsche Bank, which now moves for summary judgment in order to foreclose on the property. Dukes insists that Deutsche Bank lacks standing to bring this suit because it did not originate the loan and has not shown sufficient evidence that it is the assignee. Not so. Deutsche Bank proffered the Foreclosure Compliance Affidavit, the Endorsement issued by Chicago Title Insurance Company, and the Assignment of the Mortgage, any of which alone would be proof enough that Option One assigned the mortgage and the note to Deutsche Bank. It is unquestionably the real party in interest.

In the alternative, Dukes demands that the Court refer the case to "mandatory mediation" pursuant to Local Rule 16.3, which provides:

> [u]pon request by any party or in its discretion, and at such times during the progress of the case as appear appropriate, the Court may assign any civil case which is not exempted hereunder for one or more mediation or settlement week conferences.

By its terms, this rule vests the Court with considerable discretion to order mediation. This case has been pending since August 2007. The parties have had ample time to negotiate a settlement. Further delay would be fruitless. Dukes's motion to refer the case to mediation and her motion to stay proceedings pending negotiation are therefore **DENIED**. Deutsche Bank's Motion for Summary Judgment is **GRANTED** and the Court Enters Judgment and Decree in Foreclosure.[1]

IT IS SO ORDERED.

                                             s/Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

DATED: August 9, 2008

---

[1] See attached order. The Court also **GRANTS** Deutsche Bank's Motion for Default Judgment against Defendant Prime Acceptance Corporation.

-2-